UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULA DISBERRY,

Plaintiff,

v.

EMPLOYEE RELATIONS COMMITTEE OF THE COLGATE-PALMOLIVE COMPANY, ALIGHT SOLUTIONS, LLC, AND THE BANK OF NEW YORK MELLON CORPORATION,

Defendants.

Case No. 22-CV-5778 (CM) (OTW)

Hon. Colleen McMahon

# MEMORANDUM IN SUPPORT OF ALIGHT SOLUTIONS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Jenna E. Ross
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
(212) 891-1600
(212) 891-1699 (Fax)
jross@jenner.com

Joseph J. Torres
Margaret M. Hlousek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
jtorres@jenner.com
mhlousek@jenner.com

*Counsel for Alight Solutions LLC*

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 1

I. THE PARTIES AND ALIGHT'S AGREEMENT WITH COLGATE-PALMOLIVE .......... 1

II. EVENTS GIVING RISE TO THIS DISPUTE .......... 2

LEGAL STANDARD .......... 4

ARGUMENT .......... 5

I. PLAINTIFF DOES NOT ALLEGE ALIGHT IS A NAMED FIDUCIARY .......... 6

II. PLAINTIFF FAILS TO PLEAD ALIGHT IS A FUNCTIONAL FIDUCIARY .......... 6

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Bank of Am. Corp.*,
No. 15 Civ. 4285 (LGS), 2016 WL 4446373 (S.D.N.Y. Aug. 23, 2016)................................10

*Allen v. Credit Suisse Sec. (USA) LLC*,
895 F.3d 214 (2d Cir. 2018)...........................................................................................4, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................................4, 7, 8

*In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*,
763 F. Supp. 2d 423 (S.D.N.Y. 2011).....................................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2017)...............................................................................................................5

*In re Citigroup ERISA Litig.*,
104 F. Supp. 3d 599 (S.D.N.Y. 2015).....................................................................................5

*Coulter v. Morgan Stanley & Co.*,
753 F.3d 361 (2d Cir. 2014)....................................................................................................8

*DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs*,
No. 13 Civ. 8788 (CM), 2016 WL 5805283 (S.D.N.Y. Sept. 19, 2016)..................................8

*Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*,
217 F. Supp. 3d 608 (N.D.N.Y. 2016).....................................................................................9

*Faber v. Metro. Life Ins. Co.*,
648 F.3d 98 (2d Cir. 2011)......................................................................................................4

*Forgione v. Gaglio*,
No. 13 Civ. 9061 (KPF), 2015 WL 718270 (S.D.N.Y. Feb. 13, 2015)....................................5

*Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*,
No. 17-CV-855 (JPO), 2018 WL 1585673 (S.D.N.Y. Mar. 28, 2018).....................................7

*Jeffrey Farkas, M.D., LLC v. Grp. Health Inc.*,
No. 18 Civ. 8535 (CM), 2019 WL 2235959 (S.D.N.Y. May 19, 2019) (McMahon, J.)...............................................................................................................2

*Levi v. McGladrey LLP*,
No. 12-cv-8787 (ER), 2016 WL 1322442 (S.D.N.Y. Mar. 31, 2016)..................................8, 9

*Pegram v. Herdrich*,
530 U.S. 211 (2000)....................5, 7

*Radcliffe v. Aetna, Inc.*,
No. 3:20-cv-01274-VAB, 2021 WL 4477408 (D. Conn. Sept. 30, 2021)....................6

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
718 F. App'x 3 (2d Cir. 2017) ....................10

*Tocker v. Kraft Foods N. Am. Inc. Ret. Plan*,
No. 11–2445–cv, 494 F. App'x 129(2d Cir. 2012)....................8

**Statutes**

29 U.S.C. § 1002(16)(A)....................6

29 U.S.C. § 1002(21)(A)....................7, 8, 9

29 U.S.C. § 1102(a)(1)....................6

29 U.S.C. §§ 1109....................5

29 U.S.C. §§ 1109 and 1132(a)(2)....................5

**Other Authorities**

29 C.F.R. § 2509.75-8....................8

Federal Rule of Civil Procedure 12(b)(6) ....................1, 2, 5

Rule 56....................2

## INTRODUCTION

Plaintiff Paula Disberry, a former employee of the Colgate-Palmolive Company ("Colgate-Palmolive"), is a participant in the Colgate-Palmolive Company Employees Savings and Investment Plan (the "Plan"). Colgate-Palmolive, the Plan's sponsor, contracted with Defendant Alight Solutions LLC ("Alight") to provide certain specified services to the Plan, but that agreement specifically stated Alight had no discretionary control over the Plan or disposition of any Plan assets.

In 2020, bad actors stole Plaintiff's identity and absconded with funds from Plaintiff's retirement account after they intercepted mail at her home in South Africa regarding Plaintiff's account. Plaintiff now looks to others to make her whole after experiencing this unfortunate loss. Plaintiff brings one claim against Alight Solutions LLC ("Alight") for breach of fiduciary duty under the Employment Retirement Income Security Act ("ERISA"). However, Plaintiff's claim against Alight fails as a matter of law and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

To state a claim for breach of fiduciary duty, a plaintiff must adequately allege that the defendant is a fiduciary. Despite the pleading obligation, Plaintiff did not allege that Alight is a named fiduciary and she also failed to plead facts sufficient to establish that Alight acted as a functional fiduciary. Because Plaintiff falls short of pleading this fundamental element, her claim against Alight should be dismissed.

## BACKGROUND

### I. The Parties and Alight's Agreement With Colgate-Palmolive

Plaintiff worked for Colgate-Palmolive from 1993 to 2004 and became a Plan participant in 1998. Dkt. 1 ¶¶ 8-9. She moved to South Africa in 2008 and continued to maintain her Plan retirement account. *Id.* ¶¶ 10-11. In March 2017, Alight and Colgate-Palmolive entered into a

Master Services Agreement ("Agreement")[1] pursuant to which Alight agreed to provide certain services to the Plan, including the operation of a call center for Plan participants. Declaration of Jeffrey K. Barry ("Barry Decl.") ¶ 6, Ex. A.[2] However, the Agreement expressly acknowledged the limits of Alight's authority regarding the Plan's assets, and the ministerial nature of Alight's duties:

> [Alight] does not have any discretionary control respecting management of any Colgate Plan or management or disposition of any Colgate Plan assets. [Alight] does not have any discretionary authority or discretionary responsibility in the administration of the Colgate Plans and [Alight] should act at all times as a ministerial administrative service provider.

Barry Decl., Ex. A at § 16(D) (ALIGHT000015).

## II. Events Giving Rise to this Dispute

On January 29, 2020, a bad actor telephoned Alight's Benefits Information Center, identified herself as Ms. Disberry, and requested to change Plaintiff's contact information with the Plan. Dkt. 1 ¶ 14. The caller correctly provided Ms. Disberry's name, last four digits of her social security number, date of birth, and mailing address. Barry Decl. ¶ 7, Ex. B (Alight Report of Investigation) at 2 (ALIGHT000165).[3]

---

1 Alight was formerly known as Hewitt Associates LLC. Barry Decl. ¶ 6.

2 "In determining a motion to dismiss, the Court may consider any written instrument attached to the complaint as an exhibit, any statement or documents incorporated by reference, and any document that is integral to the complaint, which means that the complaint 'relies heavily' on the document's 'terms and effect.'" *Jeffrey Farkas, M.D., LLC v. Grp. Health Inc.*, No. 18 Civ. 8535 (CM)(KHP), 2019 WL 2235959, at *3 (S.D.N.Y. May 19, 2019) (McMahon, J.) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Here, the Agreement between Colgate-Palmolive and Alight is central to Plaintiff's claims. *See e.g.*, Dkt. 1 ¶ 5 (describing the contractual relationship between Colgate-Palmolive and Alight). Accordingly, this Court may consider the Agreement without converting this Rule 12(b)(6) motion into a Rule 56 motion.

3 Like the Agreement, the Court may consider the Report because Plaintiff expressly incorporates it and relies on its contents to plead her claim. *See, e.g.*, Dkt. 1 ¶ 22.

Rather than immediately acquiesce to this request, Alight mailed a temporary identification number ("PIN") to Plaintiff's physical mailing address in South Africa, which she alleges had been provided to the Plan in June 2016.[4] Dkt. 1 ¶ 10, 14. Bad actors intercepted Plaintiff's physical mail, stole the temporary PIN, and subsequently used the temporary PIN to change Plaintiff's contact information. *Id.* ¶¶ 14–15. The bad actors later changed the password to Plaintiff's online Plan account in February 2020. Dkt. 1 ¶ 16; Barry Decl., Ex. B at 3 (ALIGHT000166).

On February 24, 2020 and February 28, 2020, Alight sent notices of contact information changes to Plaintiff's physical mailing address. Barry Decl., Ex. B at 3 (ALIGHT000166). On March 9, 2020, the bad actors added direct deposit information for a bank located in Nevada and attempted to distribute funds from Plaintiff's account. Dkt. 1 ¶¶ 17–18; Barry Decl., Ex. B at 2–3 (ALIGHT000165-66). Alight rejected the distribution and informed the caller that she would need to wait at least seven days to distribute funds because the bank information on the account was updated earlier on the same day. *Id.* at 3 (ALIGHT000166). Ultimately, the bad actors removed all of the assets from Plaintiff's retirement account on March 17, 2020. Dkt. 1 ¶¶ 16–20. On September 14, 2020, six months after the distribution, Plaintiff notified Colgate-Palmolive of the actions of the bad actors and Alight froze Plaintiff's account. *Id.* ¶ 23.

## III. Plaintiff's Complaint Allegations

Plaintiff commenced this suit after attempts to recover the funds stolen by bad actors were unsuccessful. The Complaint brings a claim for breach of the fiduciary duty of loyalty and prudence under ERISA. *Id.* ¶¶ 40–43. As it relates to Alight, the only specific facts Plaintiff asserts is that "Alight operated a telephone customer service center…and a website…which

---

4 As noted in the Alight Report of Investigation, there was no personal email address for Ms. Disberry on file. *Id*. at 4.

provided Plan participants…the ability to manage their Plan accounts, including distribution of benefits." Dkt. 1, ¶ 5.

Beyond the foregoing, Plaintiff pleads several conclusory allegations regarding Alight and/or parrots ERISA's definition of "fiduciary" in claiming Alight was a Plan fiduciary. *Id*. ¶¶ 5, 14. Plaintiff then generically alleges "Defendants"[5] breached their fiduciary duty by "causing or allowing the Plan to make unauthorized distributions of Plan assets" and failing to take certain actions, such as identifying, investigating, and halting suspicious activities or establishing particular "processes to safeguard Plan assets against unauthorized withdrawals." *Id.* ¶ 43. Plaintiff seeks to recover at least $751,430.53, plus investment returns, attorneys' fees, and costs of suit.

**LEGAL STANDARD**

To survive a motion to dismiss, Plaintiffs' complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In contrast, "bald assertions and conclusions of law will not suffice to avoid dismissal, nor will factual allegations that are wholly conclusory." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 222 (2d Cir. 2018) (quotations and citations omitted); *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) ("[The Court is not] bound to accept conclusory allegations or legal

---

5 "Defendants," as referenced in the Complaint and the present motion includes: (a) Employee Relations Committee of the Colgate-Palmolive Company (the "Employee Relations Committee"), (b) Alight Solutions LLC ("Alight"), and (c) The Bank of New York Mellon Corporation ("BNY Mellon").

conclusions masquerading as factual conclusions."). A "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2017). Rather, a plaintiff must set forth facts which "raise a right to relief above the speculative level." *Id.*

In accordance with these principles, a defendant's fiduciary status "can be determined as a matter of law at the motion to dismiss stage based on a plaintiff's allegations that the defendants were ERISA fiduciaries." *In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 565 (S.D.N.Y. 2011); *Forgione v. Gaglio*, No. 13 Civ. 9061 (KPF), 2015 WL 718270, at *7 (S.D.N.Y. Feb. 13, 2015) (same especially in light of Supreme Court's decisions in *Twombly* and *Ashcroft*).

Viewed under these standards, Plaintiff fails to state a claim against Alight. Therefore, her claim should be dismissed pursuant to Rule 12(b)(6).

**ARGUMENT**

Plaintiff alleges a breach of fiduciary duty against Alight under §§ 409 and 502(a)(2) of ERISA; 29 U.S.C. §§ 1109 and 1132(a)(2). To state a claim for breach of fiduciary duty under ERISA, a plaintiff must plead: that defendant was a fiduciary who was acting within its capacity as a fiduciary *and* breached its fiduciary duty. *See* 29 U.S.C. §§ 1109.

Thus, the threshold question in every ERISA case asserting breach of fiduciary duty is "whether [the entity] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). ERISA fiduciaries are either named under the plan or exercise discretionary functions. *In re Citigroup ERISA Litig.*, 104 F. Supp. 3d 599, 613 (S.D.N.Y. 2015).

As explained below, Plaintiff did not, and cannot plead, facts sufficient to establish that Alight was either a named or functional fiduciary to the Plan under the Second Circuit's controlling

standards. Accordingly, Plaintiff fails to state a claim for breach of fiduciary duty and her case against Alight should be dismissed.

## I. Plaintiff Does Not Allege Alight Is a Named Fiduciary.

Under ERISA, every employee benefit plan must provide for one or more named fiduciaries who possess the "authority to control and manage the operation and administration of the Plan." 29 U.S.C. § 1102(a)(1). The entity or individual identified as the "administrator" in the plan document is automatically deemed a named fiduciary. 29 U.S.C. § 1002(16)(A).

In accordance with these requirements, Plaintiff admits that Defendant Employee Relations Committee is the Plan Administrator and was, at all relevant times, "the named fiduciary of the Plan by reason of being the Plan Administrator." Dkt. 1 ¶ 4. Plaintiff also does not contend that Alight is a named fiduciary of the Plan. Indeed, the Agreement between Colgate-Palmolive and Alight expressly affirms that Alight is not "the 'administrator' as defined in Section 3(16)(A) of ERISA . . . nor, with respect to the provision of the Services, is [Alight] a 'fiduciary.'" Barry Decl. Ex. A at § 16(D) (ALIGHT000015).

Given these allegations, Plaintiff is unable to assert that Alight may be liable for her loss as a named Plan fiduciary. *Radcliffe v. Aetna, Inc.*, No. 3:20-cv-01274-VAB, 2021 WL 4477408, at *9 (D. Conn. Sept. 30, 2021) (dismissing breach of fiduciary duty claim against defendant where plan provisions naming other entity as plan administrator rendered allegations "implausible") (quoting *Bekker v. Neuberger Berman Grp. LLC*, No. 16 CV 6123-LTS-BCM, 2018 WL 4636841, at *10 (S.D.N.Y. Sept. 27, 2018)).

## II. Plaintiff Fails to Plead Alight Is a Functional Fiduciary.

With Alight's status as a named fiduciary foreclosed, to survive a motion to dismiss, Plaintiff must plausibly allege that Alight acted as a functional fiduciary in connection with her

identify theft and the subsequent loss that forms the basis of her claim. Plaintiff's allegations continue to fall short.

For a third-party service provider like Alight to be considered a fiduciary, Plaintiff must plausibly allege it exercised discretionary authority or control over management of a plan or have authority or control over the disposition of the plan's assets. *See* 29 U.S.C. § 1002(21)(A). More specifically, "in order to establish fiduciary status, plaintiffs must also allege a 'nexus' between defendants' discretion [or control] and the wrongdoing alleged in the Complaint." *Haley v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 17-CV-855 (JPO), 2018 WL 1585673, at *6 (S.D.N.Y. Mar. 28, 2018) (citations omitted) (finding plaintiff did not allege facts sufficient to show defendant exercised any discretion and therefore failed to establish defendant acted as a fiduciary).

This connection between an alleged fiduciary action and the claimed harm is the key inquiry. As the Supreme Court has stressed, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint. *Pegram*, 530 U.S. at 226.

Applying these standards to Plaintiff's claim against Alight clearly shows that her conclusory assertions regarding Alight do not plausibly allege Alight was acting in a fiduciary capacity in connection with Plaintiff's loss. *Iqbal*, 556 U.S. at 678.

*First*, Plaintiff begins by claiming in a conclusory fashion that Alight was a fiduciary because it "exercised authority or control respecting management or disposition of the Plan's assets," "exercised discretionary authority or discretionary control respecting management of the Plan," or "had discretionary authority or discretionary responsibility in the administration of the Plan." Dkt. 1 ¶ 5.

But this "formulaic recitation of the elements" of 29 U.S.C. § 1002(21)(A) does not explain *how* Alight acted in a fiduciary capacity and consequently need not be taken as true. *Iqbal*, 556 U.S. at 678; *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 368 (2d Cir. 2014) (holding that the conduct challenged in the Complaint "was not undertaken in performance of a fiduciary duty" and affirming dismissal of ERISA claims).

*Second*, the only *facts* Plaintiff alleges are that Alight "[o]perated a telephone customer service center . . . and a website." Dkt. 1 ¶ 5. But these allegations fare no better. Department of Labor regulations concerning ERISA fiduciary responsibility have long recognized that "ministerial tasks…such as the application of rules determining eligibility for participation, preparation of plan communication materials, the calculation of benefits, and the maintenance of employee records," 29 C.F.R. § 2509.75-8, "fall outside the construction of the term 'fiduciary' as limited by Congress." *DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs*, No. 13 Civ. 8788 (CM), 2016 WL 5805283, at *5 (S.D.N.Y. Sept. 19, 2016). *See also Levi v. McGladrey LLP*, No. 12-cv-8787 (ER), 2016 WL 1322442, at *5 (S.D.N.Y. Mar. 31, 2016) (dismissing ERISA claims based on breach of fiduciary duty because alleged actions did not implicate fiduciary function).

Given this interpretation, Plaintiff's allegations regarding Alight's operation of a customer service center and website simply do not implicate any fiduciary or discretionary actions taken by Alight, but rather reflect garden variety ministerial functions. *See, e.g.*, *Tocker v. Kraft Foods N. Am. Inc. Ret. Plan*, No. 11–2445–cv, 494 F. App'x 129, 131(2d Cir. 2012) (finding that an administration manager-defendant whose responsibilities included supervising staff who "answered employee [benefit] questions" and "ensured that employees received benefit information and enrollment materials" performed only "ministerial tasks" and thus was not an

ERISA fiduciary); *Levi*, 2016 WL 1322442, at *5 (explaining that communications with plaintiff regarding plan documents is a ministerial task). This conclusion is fully in accord with the terms of the Colgate-Alight Agreement, which as discussed above expressly states, *inter alia*, that Alight has no "discretionary control respecting management of any Colgate Plan or management or disposition of any Colgate Plan assets." Barry Decl. Ex. A at § 16(D) (ALIGHT000015). *See also id*. at § 10(B) (all procedural requirements must be approved by Colgate-Palmolive).

These same principles also defeat Plaintiff's conclusory allegation, which again mimics the language of 29 U.S.C. § 1002(21)(A), that "Alight exercised control over Plan assets by facilitating, directing and processing distributions from participants' accounts, including the unauthorized distributions in this case." Dkt. 1 ¶ 5. Such an allegation similarly fails to show Alight was acting as a fiduciary. The same is true regarding Plaintiff's allegations that Alight "did not contact Ms. Disberry at the phone number or email address that she had previously provided the Plan to notify her of the request or of the mailing of the temporary PIN, or to confirm that she had authorized the requested PIN." *Id*. ¶ 14.

This is because a person "cannot commit a breach of fiduciary duty through non-discretionary application of a Plan rule that it does not interpret or otherwise control." *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 638 (N.D.N.Y. 2016). And nothing in Plaintiff's conclusory allegations state any *facts* concerning any fiduciary action that Alight took regarding the unauthorized distribution of Plaintiff's retirement account. *Allen v. Credit Suisse*, 895 F.3d at 226 (affirming dismissal of breach of fiduciary claim where the "complaint fails plausibly to allege that defendants exercised the control over the disposition of [p]lan assets necessary to make them ERISA functional fiduciaries.").

In fact, by Plaintiff's own pleading, it was the Plan participants—not Alight who direct and control distributions from their Plan accounts. Dkt. 1 ¶ 5 (explaining the customer service center and website "provide Plan participants with the ability to manage their Plan accounts, including requesting distribution of benefits").

*Third*, despite these conclusory allegations regarding Alight, Plaintiff then proceeds to generically allege that "Defendants" engaged in certain conduct and/or failed to take certain actions that breached their fiduciary duties under ERISA. Dkt. 1 ¶ 43. But such non-specific allegations fail to meet the plausibility standard necessary to state a claim. *Allen v. Bank of Am. Corp.*, No. 15 Civ. 4285 (LGS), 2016 WL 4446373, at *7 (S.D.N.Y. Aug. 23, 2016) (granting motion to dismiss breach of fiduciary duty claim where plaintiff failed to adequately plead the Defendants' fiduciary status; allegations failed to identify which defendant engaged in the action giving rise to the alleged breach and such "vague allegation[s] [were] insufficient to plead that [d]efendants exercised the requisite discretion and control over plan assets to be ERISA fiduciaries.").

*Finally*, Plaintiff's allegations are particularly implausible given the limits placed on Alight's actions under its Agreement with Colgate-Palmolive. *See supra*. The Second Circuit has recognized that an entity is not a fiduciary when the agreement outlining its responsibilities "specifically withholds…the sort of discretionary responsibilities that create fiduciary status" under ERISA. *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, at *5 (2d Cir. 2017). These principles and the Agreement therefore render Plaintiff's allegations regarding Alight, even if they were not already wholly conclusory, completely implausible.

Plaintiff's allegations, even if accepted as true, do not establish that Alight was acting in a fiduciary capacity or performing a fiduciary function in connection with the loss that Plaintiff suffered, the claims for breach of fiduciary duty against Alight cannot stand.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim fails as a matter of law and Alight respectfully requests that the Court dismiss the complaint in its entirety.

Dated: September 15, 2022

Respectfully submitted,

ALIGHT SOLUTIONS LLC

By: /s/ Jenna E. Ross

One of Its Attorneys

Jenna E. Ross
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
(212) 891-1600
(212) 891-1699 (Fax)
jross@jenner.com

Joseph J. Torres
Margaret M. Hlousek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
jtorres@jenner.com
mhlousek@jenner.com

**CERTIFICATE OF SERVICE**

I, Jenna E. Ross, certify that on September 15, 2022, I caused the foregoing Memorandum in Support of Alight Solutions LLC to be filed with the Clerk of Court using the CM/ECF system, which then served a Notice of Electronic Filing to all counsel of record:

/s/ Jenna E. Ross

Jenna E. Ross