UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DISBERRY,<br><br>       Plaintiff,<br><br>    v.<br><br>EMPLOYEE RELATIONS COMMITTEE OF THE COLGATE-PALMOLIVE COMPANY, ALIGHT SOLUTIONS LLC, AND BANK OF NEW YORK MELLON CORPORATION,<br><br>       Defendants. | Case No. 22-CV-5778-CM-OTW<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF FACTS ..................................................................................... 2

III.   ARGUMENT .......................................................................................................... 3

        A.     Legal Standard Under Rule 12(b)(6). ........................................................ 3

        B.     Plaintiff Has Adequately Pled An ERISA Breach Of Fiduciary Duty Claim Against BNY Mellon. ................................................................................. 3

IV.   CONCLUSION ..................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3

*Bartnett v. Abbott Laby's*,
    492 F. Supp. 3d 787 (N.D. Ill. 2020). ..................................................................... 1, 6, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 3

*Firs Tier Bank, N.A. v. Zeller*,
    16 F.3d 907 (8th Cir. 1994) ..................................................................................... 9

*Frommert v. Conkright*,
    433 F.3d 254 (2d Cir. 2006) .................................................................................... 3

*Harley v. Bank of New York Mellon*,
    2017 WL 78901 (S.D.N.Y. Jan. 9, 2017) .............................................................. 10

*In re WorldCom, Inc.*,
    263 F. Supp. 2d 745 (S.D.N.Y. 2003) ..................................................................... 9

*IT Corp. v. General Amer. Life Ins. Co.*,
    107 F.3d 1415 (9th Cir. 1997) .............................................................................. 7, 8

*Jaghory v. N.Y. State Dep't of Educ.*,
    131 F.3d 326 (2d Cir.1997) ..................................................................................... 3

*Leventhal v. MandMarblestone Group, LLC*,
    No. 18-cv-2727, 2019 WL 1953247 (E.D. Pa. May 2, 2019) ............................. 1, 5, 6, 7

*LoPresti v. Terwilliger*,
    126 F.3d 34 (2d Cir. 1997) .................................................................................... 1, 4

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993) ................................................................................................ 4

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan
    Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013) ........................................... 4

*Slupinski v. First Unum Life Ins. Co.*,
   554 F.3d 38 (2d Cir. 2009) ........................................................................................... 2

*U.S. v. King*,
   No. 10 Cr. 122 (JGK), 2011 WL 1630676 (S.D.N.Y. Apr. 27, 2011) ............................... 7

**Statutes**

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) ........................................................................ passim

ERISA § 402(a), 29 U.S.C. § 1102(a) ............................................................................... 4, 9

ERISA § 403(a), 29 U.S.C. § 1103(a) ............................................................................... 8, 9

ERISA § 409(a), 29 U.S.C. § 1109(a) ................................................................................... 4

ERISA § 410(a), 29 U.S.C. § 1110(a) ................................................................................... 2

**Other Authorities**

U.S. Dept. of Labor, Field Assistance Bulletin No. 2004-03 (Dec. 17, 2004), *available at*
   https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2004-03 .................................................................................................. 9

**Rules**

Fed. R. Civ. P. 15(a)(2) ........................................................................................................ 10

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 3

I.      INTRODUCTION

Plaintiff has adequately pled a claim for breach of fiduciary duty against Defendant Bank of New York Mellon ("BNY Mellon") because BNY Mellon is a functional fiduciary of the Colgate-Palmolive Company Employees Savings and Investment Plan (the "Plan"). Under ERISA, an entity is deemed a functional fiduciary of a plan if it "exercises *any* authority or control respecting management or disposition of [the plan's] assets." ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). This definition of an ERISA fiduciary is "to be broadly construed." *LoPresti v. Terwilliger,* 126 F.3d 34, 40 (2d Cir. 1997) (internal quotation marks omitted). Thus, in other cases alleging the unauthorized distribution of pension plan assets, courts have readily found allegations that a party is the custodian or trustee of a pension plan and that it handled disbursement of plan assets were sufficient to state a claim of fiduciary status under ERISA. *See Leventhal v. MandMarblestone Group, LLC*, No. 18-cv-2727, 2019 WL 1953247, at *5 (E.D. Pa. May 2, 2019); *Bartnett v. Abbott Laboratories*, 492 F. Supp. 3d 787 (N.D. Ill. 2020). Just as in *Leventhal* and *Bartnett*, Plaintiff here adequately alleges that BNY Mellon was the custodian of Plan assets, and that it makes payments from the Plan's funds, including the unauthorized disbursement of funds at issue in this case.

None of BNY Mellon's attempts to skirt its fiduciary responsibilities have merit. First, its argument that it cannot be a fiduciary because in disbursing funds it is merely following instructions from Alight Solutions LLC ("Alight"), and pursuant to the Master Trust Agreement, is legally unsupported. Second, its argument that it cannot be a fiduciary because it did not have discretionary authority with respect to management of the Plan conflates ERISA's alternative definitions of a functional fiduciary, pursuant to which only some functions must be

discretionary to confer fiduciary status, and control of plan assets need not be discretionary. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, Plaintiff does allege facts demonstrating that BNY Mellon has discretion with respect to management of the Plan, including by agreeing to implement and maintain a comprehensive information security program to protect against threats and unauthorized access to the Plan. Third, BNY Mellon's attempt to shield itself from fiduciary liability by hiding behind language in the Master Trust Agreement is unavailing, because ERISA makes exculpatory language in a contract void as a matter of law. *See* ERISA § 410(a), 29 U.S.C. § 1110(a).

As the Second Circuit has recognized, ERISA's central purpose is "to protect beneficiaries of employee benefit plans," including by imposing fiduciary duties of prudence and loyalty on plan fiduciaries such as BNY Mellon. *See Slupinski v. First Unum Life Ins. Co.,* 554 F.3d 38, 47 (2d Cir. 2009). Plaintiff has adequately pled a claim for ERISA breach of fiduciary duty against BNY Mellon, and the Court should deny BNY Mellon's motion.

**II.     STATEMENT OF FACTS**

To avoid repetition, Plaintiff respectfully refers the Court to the Statement of Facts set forth in her opposition to the motion to dismiss by the Defendant Alight Solutions LLC, Dkt No. 61 ("Alight Opposition"). Additional facts responding to BNY Mellon's memorandum are set forth here.

BNY Mellon serves as a trustee of the Plan, which includes serving as custodian of the Plan's assets and making Plan payments and distributions from the Plan's trust fund. ¶ 6.[1] As

---

[1] All references to "¶" are to the paragraphs of the Complaint, Dkt No. 1.

stated in the Complaint, the Plan's Master Trust Agreement provides that BNY Mellon would implement and maintain a comprehensive information security program designed to protect the Plan's sensitive information, and to protect against threats or hazards and unauthorized access to the Plan. *Id.* BNY Mellon also agreed to discharge its duties with the care and skill required under ERISA and to otherwise exercise the standard of care of a professional custodian. *Id.*

## III.    ARGUMENT

### A.    Legal Standard Under Rule 12(b)(6).

Rule 12(b)(6) authorizes a motion to dismiss for failure to state a claim. In reviewing such a motion, well-pled factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court "may not dismiss a complaint unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997) (internal quotation marks omitted); *see also Frommert v. Conkright*, 433 F.3d 254, 262 (2d Cir. 2006).

### B.    Plaintiff Has Adequately Pled An ERISA Breach Of Fiduciary Duty Claim Against BNY Mellon.

Plaintiff has adequately stated an ERISA breach of fiduciary duty claim against BNY Mellon based on BNY Mellon's status as a functional fiduciary under ERISA. To state a claim

for breach of fiduciary duty under ERISA, a plan participant must plausibly allege that the defendant (1) was a fiduciary, (2) breached its fiduciary duty, and (3) thereby caused a loss to the plan at issue. *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 730 (2d Cir. 2013) (citing ERISA § 409(a), 29 U.S.C. § 1109(a)). BNY Mellon only challenges the first prong of this test: whether Plaintiff adequately alleged that BNY Mellon was a fiduciary of the Plan. As such, it does not dispute that, if the Court finds Plaintiff adequately pled its fiduciary status, Plaintiff has plausibly alleged that BNY Mellon breached its fiduciary duties and caused a loss to the Plan.

In addition to ERISA requiring that a plan designate a "named fiduciary" (ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1)), ERISA defines fiduciaries "in *functional* terms of control and authority over the plan." *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 262 (1993) (emphasis in original). Accordingly, the statute provides that any individual or entity is an ERISA fiduciary to the extent that it "exercises any authority or control respecting management or disposition of its assets," or to the extent that it "exercises any discretionary authority or discretionary control respecting management of such plan" or "has any discretionary authority or discretionary responsibility in the administration of such plan." ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). This definition of a functional fiduciary under ERISA is "to be broadly construed." *LoPresti,* 126 F.3d at 40 (internal quotation marks omitted).

Plaintiff has adequately pled facts demonstrating that BNY Mellon exercises authority or control respecting management or disposition of Plan assets. BNY Mellon is a trustee of the Plan. ¶ 6. In that role, BNY Mellon serves as custodian of the Plan's assets, and it makes payments from the Plan's trust fund. *Id*. BNY Mellon issued the check distributing, in a single

lump sum, the entirety of Plaintiff's account balance under the Plan to an individual who pretended to be Plaintiff, even though Plaintiff never authorized the distribution. ¶¶ 10, 20. Thus, contrary to BNY Mellon's assertion, the Complaint does not contain mere conclusory allegations of fiduciary status nor does it "merely parrot[] the definition of a fiduciary." Dkt No. 44, p. 8. The Complaint contains specific factual allegations about BNY Mellon's role that plausibly support the conclusion that BNY Mellon controlled Plan assets. Likewise, BNY Mellon is incorrect in asserting that "[t]here is no allegation that BNY Mellon was involved in" the unauthorized distribution at issue in this case. *Id.* at p. 9. The Complaint alleges that BNY Mellon "made Plan payments from the Plan's trust fund," and states that the unauthorized distribution from Plaintiff's Plan account was made via "a BNY Mellon check for $601,144.42." ¶¶ 6, 20.

The case is analogous to *Leventhal*. In that case, as here, plaintiffs sued multiple defendants for breach of fiduciary duty under ERISA stemming from the unauthorized distribution of retirement plan assets. 2019 WL 1953247 at *1-2. One defendant was Nationwide, which served as the "custodian" of the retirement plan assets and was responsible for distributing funds from the plan. *Id*. The allegations against Nationwide included that it improperly distributed plan funds to an individual who was pretending to be a plan participant, and that it failed to properly authenticate the withdrawal request. *Id.* at *2. On a motion to dismiss, the court rejected Nationwide's argument that these facts were insufficient to state a claim that it was a functional fiduciary, finding that plaintiffs' allegations that Nationwide "had 'actual control' of the [p]lan assets (i.e., money) so as to distribute and dispose of the [p]lan funds" were adequate to state a claim that Nationwide was a functional fiduciary. *Id.* at *5. Here,

the Court should similarly reject BNY Mellon's argument because Plaintiff has adequately alleged facts demonstrating that BNY Mellon had actual control of the Plan assets.

BNY Mellon relies on *Bartnett*, another case involving the unauthorized distribution of pension plan assets in which plaintiffs alleged breach of fiduciary claims against multiple defendants. *See* Dkt No. 44, p. 11. However, *Bartnett* also supports a finding that Plaintiff has adequately alleged BNY Mellon is an ERISA fiduciary. In *Bartnett*, the plaintiff alleged that Alight was the entity responsible for interacting with plan participants, including with respect to distribution requests, and *also* that Alight was the entity that disbursed the plan assets to the individual who was pretending to be a plan participant. 492 F. Supp. 3d at 798-99. The court concluded that these facts – and "most importantly, the disbursement of . . . plan assets" – adequately alleged that Alight was a functional fiduciary. *Id.* Although the court dismissed claims against other defendants, the dismissal was based on a finding that the complaint did not set forth *any* facts demonstrating functional fiduciary status of those defendants. *Id.* at 795-98. Here, as discussed above, Plaintiff has sufficiently pled facts demonstrating BNY Mellon has actual control or authority respecting Plan assets.

BNY Mellon contends that the facts pled in Plaintiff's Complaint cannot give rise to fiduciary status because BNY Mellon "did not have discretionary authority to administer the Plan or manage the Plan assets, nor did it provide investment advice for a fee." Dkt No. 44, p. 8 (emphasis omitted). However, this argument fails because it "conflates the statutory requirement." *Leventhal*, 2019 WL 1953247 at * 5. As explained in the Alight Opposition, "The statute treats control over the cash differently from control over administration. The statutory qualification, that control must be 'discretionary' for it to establish fiduciary status, applies to the

first and third phrases, management and administration[,] but not to the second, assets." *IT Corp. v. General Amer. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997). As a result, "'Any' control over disposition of plan money makes the person who has the control a fiduciary." *Id.* (quoting ERISA § 3(21)(A), 29 U.S.C. § 1003(21)(A)). In particular, "The right to write checks on plan funds is 'authority or control respecting management or disposition of its assets.'" *Id.* (quoting same); *accord, Leventhal*, 2019 WL 1953247 at *4; *U.S. v. King*, No. 10 Cr. 122 (JGK), 2011 WL 1630676, at *2 (S.D.N.Y. Apr. 27, 2011) (holding indictment on charges of embezzlement from employee benefit plans sufficiently alleged defendant's ERISA fiduciary status by pleading, *inter alia*, that she had authority to issue checks drawn on plan's accounts). Here, the Complaint likewise alleges that BNY Mellon had authority to make payments from Plan funds, and issued the check that emptied Plaintiff's account. ¶¶ 5, 31. The facts as pled in the Complaint state that BNY Mellon had control over disposition of Plan assets, and thus sufficiently plead that BNY Mellon is a Plan fiduciary.

Equally unavailing is BNY Mellon's suggestion that it cannot be an ERISA fiduciary because in disbursing Plan assets, it is merely following the instructions of Alight pursuant to the Master Trust Agreement, and the Master Trust Agreement states that BNY Mellon may "conclusively presume" that such instructions for disbursements from Alight are authorized. Dkt No. 44, pp. 2-3, 8, n.3. Again, however, this ignores the statutory definition of fiduciary and caselaw making it clear that allegations of *any* control over plan money is sufficient to allege fiduciary status. ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A); *Leventhal*, 2019 WL 1953247, at *5. BNY Mellon was not a mere depository, but instead had the authority to write checks – "that is, to dispose of plan assets." *IT Corp.*, 107 F.3d at 1422.

In addition, this argument ignores the facts, as pled in the Complaint, that the Master Trust Agreement explicitly states that BNY Mellon is responsible for implementing and maintaining a comprehensive information security program to protect against threats, hazards and unauthorized access to Plan assets and data, and that BNY Mellon agreed to discharge its Plan-related duties with the care and skill required under ERISA and to otherwise exercise the standard of care of a professional custodian. ¶ 6. These facts demonstrate that BNY Mellon also is an ERISA fiduciary because it has discretionary authority or discretionary control respecting management or administration of the Plan. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, BNY Mellon's attempt to shield itself from fiduciary status or liability based on provisions of the Master Trust Agreement is unavailing, because a party cannot avoid fiduciary responsibility by hiding behind exculpatory contract language, which is void as a matter of law. *IT Corp.*, 107 F.3d at 1419; 29 U.S.C. § 1110(a).

BNY Mellon's attempts to skirt fiduciary responsibility because "[Plaintiff] does not allege any irregularities in the issuance," and because its obligations as a "directed trustee" are allegedly limited, are equally unavailing. *See* Dkt No. 44, p. 10. ERISA Section 403(a)(1) is not, as BNY Mellon would have it, an exemption from fiduciary responsibility. 29 U.S.C. § 1103(a)(1). Rather, Section 403(a)(1) provides an exception from the requirement that a plan's trustee have "*exclusive* authority and discretion to manage and control the assets of the plan," permitting a trustee to be "subject to the direction of a *named* fiduciary who is not a trustee," so long as the directions are proper, made in accordance with the terms of the plan, and not contrary to ERISA. 29 U.S.C. § 1103(a) (emphasis added). Thus, a directed trustee is still a fiduciary by reason of controlling plan assets, and is subject to ERISA's prudence standard. *See Firs Tier*

*Bank, N.A. v. Zeller*, 16 F.3d 907, 911 (8th Cir. 1994); *accord, In re WorldCom, Inc.*, 263 F. Supp. 2d 745, 762 (S.D.N.Y. 2003) ("Section 403(a) does not, therefore, eliminate the fiduciary status or duties that normally adhere to a trustee with responsibility over ERISA assets."). Though the prudence standard does not impose on a directed trustee a duty of inquiry under all circumstances, here, the circumstance of an instruction from Alight to pay out a very large taxable distribution, coupled with BNY Mellon's agreement to establish security protocols to protect against theft of Plan assets, is sufficient to allege a violation of the duty of prudence. Moreover, here, BNY Mellon contends that it was subject to the direction of Alight, which is not a named fiduciary, so Section 403(a) is inapplicable.[2] *See* U.S. Dept. of Labor, Field Assistance Bulletin No. 2004-03 (Dec. 17, 2004), *available at* [https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2004-03](https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2004-03) (in context of directions to purchase publicly traded securities, underscoring that direction must come from named fiduciary, because "[t]he named fiduciary has primary responsibility for determining the prudence of a particular transaction"); *see also* ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2) (defining "named fiduciary"). The statute's specification that direction must come from a *named* fiduciary avoids the buck-passing problem presented in this case, where the trustee claims that it owed no duty of prudence because it acted under direction of another entity, and that entity in turn denies that it owed any fiduciary duties. The prudence buck stops with the named fiduciary, but BNY Mellon does not contend that a named fiduciary directed it to distribute Plaintiff's entire account to a fraudster.

---

[2] The Plan's named fiduciary is the Employee Relations Committee. ¶ 4.

Plaintiff alleges that BNY Mellon breached its duties by disbursing the entirety of Plaintiff's Plan account to an unauthorized individual – via an improperly issued check – and also by failing to implement safeguards to protect against unauthorized distributions from the Plan. ¶¶ 13-21, 34, 35, 38. This is sufficient to state a claim against BNY Mellon.

BNY Mellon also cites to *Harley v. Bank of New York Mellon*, 2017 WL 78901 (S.D.N.Y. Jan. 9, 2017), but if anything, *Harley* supports the conclusion that Plaintiff has stated a claim against BNY Mellon. In *Harley*, at issue was whether BNY Mellon breached its ERISA fiduciary duties in its handling of Plan investments. *Id.* at *1. Following a bench trial, the court determined that BNY Mellon *was* an ERISA fiduciary of the plan at issue, but that it had not breached its fiduciary duties based on the specific facts of that case, including that BNY Mellon was a "directed trustee" because it was subject to direction of another fiduciary. *Id. a*t *1, 20-21. Thus, even if an entity is subject to direction from another fiduciary (*e.g.* Alight), it still can be an ERISA fiduciary itself. *See id.* at 20-21. Furthermore, an ultimate determination of breach may require fact-specific analysis after a trial; but certainly an allegation of fiduciary status under ERISA, even where another fiduciary has a role in directing BNY Mellon, is sufficient at the motion to dismiss stage. *Id.* at *1, 20-21.

## IV.     CONCLUSION

For the foregoing reasons, BNY Mellon's motion to dismiss should be denied. However, if the Court is inclined to grant BNY Mellon's motion, Plaintiff respectfully requests leave to amend. Fed. R. Civ. P. 15(a)(2) (The court should freely give leave [to amend] when justice so requires); *Bartnett*, 492 F. Supp. at 802 (providing leave for plaintiff to file an amended complaint if she believes she can cure the deficiencies in the complaint as discussed in the

court's order).

                                              Respectfully submitted,

                                              RENAKER SCOTT LLP

Dated: New York, New York
       September 29, 2022                  ___*/s/ Kirsten G. Scott*_____

                                              Kirsten G. Scott, *admitted pro hac vice*
                                              Teresa S. Renaker, *pro hac vice applic. pending*
                                              RENAKER SCOTT LLP
                                              505 Montgomery Street, Suite 1125
                                              San Francisco, CA 94111
                                              Tel.: (415) 653-1733
                                              Fax: (415) 752-5079
                                              kirsten@renakerscott.com
                                              teresa@renakerscott.com

                                              Evan Brustein, Esq.
                                              Brustein Law PLLC
                                              299 Broadway, 17th Floor
                                              New York, New York 10007
                                              (212) 233-3900
                                              evan@brusteinlaw.com

                                              *Attorneys for Plaintiff*