UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DISBERRY,<br><br>      Plaintiff,<br><br>v.<br><br>EMPLOYEE RELATIONS COMMITTEE OF THE COLGATE-PALMOLIVE COMPANY, ALIGHT SOLUTIONS, LLC, AND THE BANK OF NEW YORK MELLON CORPORATION,<br><br>      Defendants. | Case No. 22-CV-5778 (CM) (OTW)<br><br>Hon. Colleen McMahon |

**REPLY MEMORANDUM IN SUPPORT OF ALIGHT
SOLUTIONS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Jenna E. Ross
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
(212) 891-1600
(212) 891-1699 (Fax)
jross@jenner.com

Joseph J. Torres
Margaret M. Hlousek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
jtorres@jenner.com
mhlousek@jenner.com

*Counsel for Alight Solutions LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

ARGUMENT ....................................................................................................................................... 1

CONCLUSION .................................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Bank of Am. Corp.*,
  No. 15 Civ. 4285 (LGS), 2016 WL 4446373 (S.D.N.Y. Aug. 23, 2016) ................................. 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 3

*Bartnett v. Abbott Laboratories*,
  492 F. Supp. 3d 787 (N.D. Ill. 2020) ................................................................................. 3, 4

*Coulter v. Morgan Stanley & Co.*,
  753 F.3d 361 (2d Cir. 2014) .................................................................................................. 3

*DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating
  Eng'rs & Participating Emp'rs*,
  No. 13 Civ. 8788 (CM), 2016 WL 5805283 (S.D.N.Y. Sept. 19, 2016) ............................... 5

*In re DeRogatis*,
  904 F.3d 174 (2d Cir. 2018) .................................................................................................. 5

*DiFolco v. MSBNC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) .................................................................................................. 1

*In re Express Scripts/Anthem ERISA Litig.*,
  285 F. Supp. 3d 655 (S.D.N.Y. 2018) ................................................................................... 1

*Leventhal v. The MandMarblestone Group LLC*,
  No. 18-cv-2727, 2019 WL 1953247 (E.D. Pa. May 2, 2019) ............................................ 4, 5

*Pegram v. Herdrich*,
  530 U.S. 211 (2000) .............................................................................................................. 1

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
  718 F. App'x 3 (2d Cir. 2017) ............................................................................................... 2

**Statutes**

29 U.S.C. § 1002(21)(A) .......................................................................................................... 3

Employee Retirement Income Security Act ..................................................................... *passim*

**Other Authorities**

29 C.F.R. § 2509.75-8 .............................................................................................................. 4

## ARGUMENT

Plaintiff's opposition to Defendant Alight Solutions LLC's ("Alight") motion to dismiss fails to raise any bases that would support denial of Alight's motion. While Plaintiff's loss was admittedly unfortunate, that circumstance does not establish that any action Alight may have taken regarding Plaintiff creates any fiduciary liability under the Employee Retirement Income Security Act ("ERISA").

This is because "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). And as outlined in Alight's memorandum in support of its motion to dismiss (Dkt. 52), the only facts Plaintiff alleges regarding Alight relate to undisputedly ministerial actions of operating a "telephone customer service center…and a website." Dkt. 1, ¶ 5. None of Plaintiff's arguments in opposition to Alight's motion support a contrary conclusion.

*First*, Plaintiff argues that the Court should not consider the Master Services Agreement and the Report of Investigation because she allegedly does not "refer to, attach, or rely on" either document. Dkt. 61 at 17, 19. But whether or not Plaintiff specifically references the Agreement, her complaint allegations clearly purport to describe Alight's activities on behalf of the Colgate-Palmolive Plan. Dkt. 1, ¶¶ 5, 14–23. A court may consider such material when it is "integral" to the complaint allegations. *DiFolco v. MSBNC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotation marks omitted). And where Plaintiff's pleading attempts to characterize Alight's activities, the Agreement with Colgate-Palmolive is properly considered. *In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655, 678 n.34 (S.D.N.Y. 2018) ("[E]ven at the motion to dismiss stage, the Court need not credit as true 'pleadings that are contradicted by other

1

matters asserted or relied upon or incorporated by reference.'") (cleaned up).  And as set forth in Alight's opening brief, the Agreement supports the conclusion that any action Alight may have taken was purely ministerial.  Dkt. 52 at 10 (citing *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, at *5 (2d Cir. 2017)).

Plaintiff alternatively claims that the Agreement supports her position because it states Alight was involved in the distribution of Plan assets.  Dkt. 61 at 18–19.  But this argument ignores the fact that Alight had no *discretion* as it related to any such action.  *See* Dkt. 52 at 2.  And Plaintiff alleges no actual facts to the contrary that would state a claim.  *Id*. at 7–9 (and cases cited therein).

The same conclusion holds regarding the Report of Investigation.  After claiming she did not "refer to, attach, or rely on" the Report (Dkt. 61 at 19), Plaintiff admits that she references the Report in her Complaint.  *Id*.  As such, it may properly be considered under the case law cited above and in Alight's opening brief.  Dkt. 52 at 2, n.2–3.

Plaintiff again tries to argue that the Report, if considered, supports her claim because it shows Alight's "extensive role in administration of the Plan and the control over disposition of Plan assets."  Dkt. 61 at 19.  But, as with the Agreement, nothing in the Report supports the contention that Alight exercised any discretion as it relates to any action it took as reflected in the Report.  Thus, once again, Plaintiff points to no facts that would state a claim.  Dkt. 52 at 7–9 (and cases cited therein).

*Second*, Plaintiff argues that she has stated a claim against Alight because she "alleges that Alight operated a telephone customer service center…and a website…both of which provide Plan participants with the ability to manage their Plan accounts, including requesting distribution of benefits."  Dkt. 61 at 8 (citing Dkt. 1, ¶ 5).  But as addressed in Alight's opening brief, such actions do not demonstrate Alight took any fiduciary or discretionary action in connection with the loss

2

Plaintiff experienced. Dkt. 52 at 8–9 (and cases cited therein). Merely claiming that such action is discretionary, even though no specific facts are alleged to demonstrate the exercise of any discretion, does not state a plausible claim under the applicable pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 368 (2d Cir. 2014).

*Third*, Plaintiff tries to distinguish the cases Alight cited in its opening brief regarding the ministerial nature of its actions as alleged in Plaintiff's complaint (Dkt. 52 at 8–9), by arguing that Alight "skips over the details alleged in the Complaint that demonstrate that Alight's role in operating the telephone customer service center and website included facilitating, directing and processing distributions from participants' Plan accounts." Dkt. 61 at 8–9 (citing Dkt. 1, ¶¶ 5, 14–21, 43). But Alight already addressed these conclusory allegations on its opening brief, which simply mimic the language of 29 U.S.C. § 1002(21)(A), recite non-fiduciary actions allegedly taken by Alight, or claim "Defendants" breached their fiduciary duties under ERISA. Dkt. 52 at 9–10 (and cases cited therein). None of these allegations plausibly allege Alight engaged in any discretionary action that led to Plaintiff's losses, particularly given the undisputed limits the Agreement placed on Alight's conduct. *Id*. at 10–11.

*Fourth*, Plaintiff cites two decisions that she argues support the conclusion that she has adequately stated a claim against Alight. The first case, *Bartnett v. Abbott Laboratories*, 492 F. Supp. 3d 787 (N.D. Ill. 2020) did, as Plaintiff notes, decline to dismiss a breach of fiduciary duty claim against Alight. *Id*. at 798–99. But Alight respectfully submits that the reasoning of that case cannot be squared with the case law cited in its opening brief here regarding Plaintiff's conclusory allegations and the ministerial nature of Alight's actions in this case. In addition, the findings in

*Barnett* that the court cited to deny the motion to dismiss are distinguishable from the allegations here.

The *Bartnett* court found that the complaint in that case "catalogue[d] the repeated actions taken by Alight related to the" plan at issue there. *Bartnett*, 492 F. Supp. 3d at 798. Thus, assuming *Bartnett* properly applied the applicable pleading standards[1], *but see* discussion *supra*, Plaintiffs' conclusory allegations here fail because they are conclusory, merely mimic ERISA's fiduciary definition, or identify ministerial actions. Dkt. 52 at 9–10 (and cases cited therein). *See also* 29 C.F.R. § 2509.75-8 (describing non-fiduciary ministerial actions that match the scope of Alight's duties in relation to the Colgate-Palmolive Plan). Such generic allegations do not adequately state a claim under the applicable case law. *See, e.g., Allen v. Bank of Am. Corp.*, No. 15 Civ. 4285 (LGS), 2016 WL 4446373, at *7 (S.D.N.Y. Aug. 23, 2016) (granting motion to dismiss breach of fiduciary duty claim where plaintiff failed to adequately plead the Defendants' fiduciary status; allegations failed to identify which defendant engaged in the action giving rise to the alleged breach and such "vague allegation[s] [were] insufficient to plead that [d]efendants exercised the requisite discretion and control over plan assets to be ERISA fiduciaries").[2]

Plaintiff also cites *Leventhal v. The MandMarblestone Group LLC*, No. 18-cv-2727, 2019 WL 1953247 (E.D. Pa. May 2, 2019). But insofar as *Leventhal* allowed the claim in that case to proceed, Plaintiff here makes no attempt to show how her allegations are aligned with the contentions in that case. Nor does Plaintiff attempt to address the specific provisions of the

---

[1] Alight does not concede the *Bartnett* allegations, which, as noted above, were being evaluated at the Rule 12 stage. *Id.* at 799.

[2] Plaintiff attempts to distinguish *Allen* on its facts. Dkt. 61 at 15. But Plaintiff has no answer to the actual reason why Alight cited *Allen*, which is that the allegations in that case were dismissed because they failed to identify which defendant engaged in the action giving rise to the alleged breach. *Allen*, 2016 WL 4446373, at *7.

4

Agreement in this case which clearly delineate limits on Alight's actions in connection with the Colgate-Palmolive Plan. Plaintiff's superficial discussion of *Leventhal* fails to support the conclusion that Plaintiff here has adequately stated facts that would plausibly allege a claim against Alight.

Plaintiff also argues that *Leventhal* supports the denial of Alight's motion because of its discussion of ERISA's functional fiduciary definition. Dkt. 61 at 11 (citing *Leventhal*, 2019 WL 1953247, at *5). But as discussed in Alight's opening brief, the problem with Plaintiff's allegations is the absence of any facts concerning any fiduciary action Alight allegedly took in connection with the events that led to Plaintiff's loss. Thus, even if *Leventhal*'s statutory interpretation discussion is correct, the problem here is Plaintiff's failure to plead facts, as opposed to conclusions, regarding Alight's alleged conduct. Dkt. 52 at 8–10 (and cases cited therein).

*Finally*, Plaintiff attempts to distinguish the functional fiduciary cases that Alight cites on their facts. Dkt. 61 at 12–14. But even if those cases involved different factual scenarios, the legal principles for which they were cited clearly support Alight's position, particularly given the absence of any factual allegations here that would plausibly allege a breach of fiduciary duty claim against Alight. Dkt. 52 at 8–10 (and cases cited therein).[3]

As outlined in Alight's opening brief and herein, Plaintiff has failed to show she has plausibly alleged a breach of fiduciary duty claim against Alight. Because none of Plaintiff's arguments have any merit, her complaint against Alight should be dismissed in its entirety.

---

[3] Plaintiffs claim that *DeRogatis v. Bd. of Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs*, No. 13 Civ. 8788 (CM), 2016 WL 5805283 (S.D.N.Y. Sept. 19, 2016) "is not good law for the point on which Alight cites it." Dkt. 61 at 14. But Alight simply cited *DeRogatis* for its recitation of the Department of Labor's discussion of ministerial tasks. Dkt. 52 at 8. Plaintiff cites no precedent for the proposition that the DOL's discussion is no longer valid. Indeed, the Second Circuit's *DeRogatis* opinion cites the same DOL discussion. *In re DeRogatis*, 904 F.3d 174, 191 (2d Cir. 2018).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claim fails as a matter of law and Alight respectfully requests that the Court dismiss the complaint in its entirety.

Dated:  October 4, 2022

Respectfully submitted,
ALIGHT SOLUTIONS LLC
By:  /s/   Jenna E. Ross
One of Its Attorneys
Jenna E. Ross
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
(212) 891-1600
(212) 891-1699 (Fax)
jross@jenner.com

Joseph J. Torres
Margaret M. Hlousek
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
jtorres@jenner.com
mhlousek@jenner.com

**CERTIFICATE OF SERVICE**

I, Jenna E. Ross, certify that on October 4, 2022, I caused the foregoing Reply Memorandum in Support of Alight Solutions LLC's Motion to Dismiss Plaintiff's Complaint to be filed with the Clerk of Court using the CM/ECF system, which then served a Notice of Electronic Filing to all counsel of record:

/s/ Jenna E. Ross

Jenna E. Ross