UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAULA DISBERRY,

      Plaintiff,

v.

EMPLOYEE RELATIONS COMMITTEE OF
THE COLGATE-PALMOLIVE COMPANY,
ALIGHT SOLUTIONS, LLC, AND THE BANK
OF NEW YORK MELLON CORPORATION,

      Defendants.

Case No. 22-CV-5778 (CM) (OTW)

Hon. Colleen McMahon

Hon. Ona T. Wang, Magistrate Judge

---

## ALIGHT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL

Defendant Alight Solutions LLC ("Alight") hereby submits this supplemental memorandum in support of its Motion to Seal (Dkt. No. 47), and in support states:

### BACKGROUND

Alight filed two exhibits in support of its Motion to Dismiss: (1) an excerpt of the Master Services Agreement (the "MSA") between the Colgate-Palmolive Company and Alight (reattached hereto as Exhibit A), and (2) Alight's Report of Investigation into Plaintiff Disberry's claims of identity theft and fraud (the "Report," reattached hereto as Exhibit B).  (*See* Dkt. No. 52).  Alight concurrently moved to seal the exhibits.  (Dkt. No. 47).  This Court's December 19, 2022 Decision and Order regarding the Defendants' Motions to Dismiss granted Alight leave to submit a supplemental memorandum "explaining what is proprietary about the content of [the MSA]" and a memorandum "explaining, on a line by line basis, why [portions of the Investigation Report] should remain confidential."  (Dkt. No. 73 at 29).

Alight now seeks to file under seal only certain limited portions of the exhibits. The proposed redacted materials contain confidential, sensitive, and personally identifying information, including: (1) negotiated pricing information for Alight's offered services, (2) Ms. Disberry's actual contact information or the fraudulent contact information supplied by bad actors, (3) the internal Alight identifiers for Ms. Disberry and the investigation, and (4) bank account and routing numbers. Alight respectfully submits that disclosure of this information would result in significant injury to Alight and, potentially, Ms. Disberry. Alight further respectfully submits that none of the redacted information will inhibit the Court or the parties in addressing any issue relevant to the claims in this case.

## ARGUMENT

Although a presumption of public access applies to judicial documents—documents "relevant to the performance of the judicial function and useful in the judicial process" —courts may weigh the presumption of access to those documents against the countervailing privacy interests of the party whose information is being disclosed. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal citation omitted). Here, Alight has narrowly tailored its proposed redactions to protect only the most commercially sensitive information and personally identifying information.

## I.    The Master Services Agreement

Alight's proposed redactions to the MSA are limited to the negotiated pricing terms for services set forth in the contract. (*See* ALIGHT000002, ALIGHT000028125). This approach is consistent with Alight's prior treatment of the MSA. Specifically, when Alight submitted its motion to dismiss, it excluded MSA Exhibit 9A regarding the Defined Contribution Pricing

Schedule and Exhibit 9B regarding the Health and Welfare Pricing Schedule from its filing.  (*See* ALIGHT0000149).

Regarding the additional pricing information that Alight proposes to redact, courts in this Circuit recognize that non-public financial information that would provide an advantage to commercial competitors is the sort of information that warrants protection from disclosure.  *See United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting redactions of sales and revenues figures, disclosure of which would cause competitive harm); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (permitting sealing of documents containing confidential business information such as market forecasts, sales, and profit margins); *GoSmile, Inc. v. Dr. Jonathan Levine* ("*GoSmile I*"), 769 F. Supp. 2d 630, 64950 (S.D.N.Y. 2011) (permitting sealing of documents concerning costs and budgeting).

Alight further notes that no less restrictive alternative is available to prevent the injury that would result from disclosure of this commercially sensitive information, which reduces the weight to be given to the presumption of access.  *See Avocent Redmond Corp*, 2012 WL 3114855, at *15–16 (concluding "the weight given to the presumption of access is less … because the limited quantity of confidential information does not go to the heart of the judicial process").

Alight has a significant interest in maintaining the confidentiality of highly sensitive and non-public information regarding its contracts and business strategies that outweighs any presumption of access in this case.  As is evident from the face of the document, the MSA contains competitively sensitive information about Alight's prices that, if disclosed, would grant Alight's

competitors unfair competitive advantage, harm Alight's relationships with its customers, and harm Alight's ability to negotiate effectively for current and future business. The limited sensitive business information regarding pricing that Alight seeks to redact here is precisely the sort of information that courts in this District routinely held as appropriate to maintain under seal. *See, e.g.*, *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019).

Alight further submits that redaction of pricing information will in no way inhibit this Court or the parties in addressing the issues in this litigation. Alight submitted to the MSA to show the limits that were placed on the services it was contracted to provide. (Dkt. No. 52 at 2, 10). The pricing associated with its services will not inform the question of whether Alight can be considered a functional fiduciary in this case.

## II.    The Investigative Report

Alight's proposed redactions to the Report are limited to personally identifying information and bank account information. These proposed redactions accord with this Court's direction in its Decision and Order regarding Alight's Motion to Dismiss, in which the Court stated, "To the extent there are more specific details or personally identifiable information regarding Plaintiff in the Report, these may be redacted."  (Dkt. No. 73 at 29).

Protecting privacy interests are among the higher values that are served when the presumption of public access to judicial documents is rebutted. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016); *In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting motion to seal personal identifying information); *Palomo v. DeMaio*, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (ordering redaction of "personal identifying information, email addresses, mailing addresses, and phone numbers not already public").

Alight's proposed redactions to the Report are narrowly tailored to protect Ms. Disberry's privacy interests.  In particular, Alight seeks to redact the following:

- Internal Case Number (ALIGHT000164 and the footnote of ALIGHT00016474).

- Postal Mailing Address (ALIGHT00016567)

- Email Address (ALIGHT00016669)

- IP Address (ALIGHT00016669, 171)

- Bank Account and Routing Numbers (ALIGHT000167, 170)

- Ms. Disberry Alight Person Identifier (ALIGHT000171)

Alight seeks to redact the internal case identifier used to track the investigation of Ms. Disberry's fraud allegations and Ms. Disberry's internal Alight person identifier to prevent bad actors from attempting to seek information about the Report and investigation or to commit further harmful acts by using the case number and Ms. Disberry's identifier.  Although the post, email, and IP addresses in the Report are those of the bad actors, Alight seeks to redact this information out of an abundance of caution in case the bad actors were victimizing an uninvolved party by using another person's personal contact information.  Finally, Alight seeks to redact the bank account and routing information consistent with Federal Rule of Civil Procedure Rule 5.2(a).

The very limited personally identifying information that Alight seeks to redact here is precisely the sort of information that courts in this District have routinely held is appropriate to maintain under seal.  *See In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at \*1.

## CONCLUSION

For the foregoing reasons, Alight respectfully requests that the Court allow it to redact the Proposed Redacted Materials,

Dated:  January 17, 2023

Respectfully submitted,

ALIGHT SOLUTIONS LLC
By: ___/s/   Joseph J. Torres_____
One of Its Attorneys
Jenna E. Ross
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
(212) 891-1600
(212) 891-1699 (Fax)
jross@jenner.com

Joseph J. Torres (*Pro Hac Vice*)
Margaret M. Hlousek (*Pro Hac Vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350
(312) 527-0484 (Fax)
jtorres@jenner.com
mhlousek@jenner.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jenna E. Ross, certify that on January 17, 2023, I caused the foregoing Supplemental Memorandum in Support of Alight's Motion to Seal to be filed with the Clerk of Court using the CM/ECF system, which then served a Notice of Electronic Filing to all counsel of record:

/s/ Joseph J. Torres

Joseph J. Torres
