UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULA DISBERRY,<br><br>                        Plaintiff,<br>      v.<br><br>EMPLOYEE RELATIONS COMMITTEE OF THE COLGATE-PALMOLIVE COMPANY, ALIGHT SOLUTIONS, LLC, AND THE BANK OF NEW YORK MELLON CORPORATION,<br><br>                       Defendants. | Case No. 22-CV-5778-CM-OTW<br><br>**The Employee Relations Committee's Amended Answer to Plaintiff's Amended Complaint** |

**The Employee Relations Committee of the Colgate-Palmolive Company's Amended Answer to Plaintiff's Amended Complaint**

Comes now the Employee Relations Committee of the Colgate-Palmolive Company (the "Committee"), one of the Defendants herein, and answers Plaintiff's Amended Complaint.

The Committee responds to each of the numbered allegations of Plaintiff's Amended Complaint as follows. Any allegations not expressly admitted below are denied.

1.

The allegations contained in ¶ 1 of Plaintiff's Complaint are admitted.

2.

The Committee admis that venue is proper in this Court, that the Colgate-Palmolive Company Savings and Investment Plan (the "Plan") is administered, in part, in this District and that the Committee may be found in this District. The remaining allegations contained in ¶ 2 of Plaintiff's Complaint are denied.

3.

The Committee admits that Plaintiff has been a participant in the Plan. The Committee is without knowledge as to where Plaintiff currently resides.

4.

The allegations contained in ¶ 1 of Plaintiff's Complaint are admitted.

5.

The Committee admits that Alight Solutions, LLC ("Alight") is a limited liability company, that it provided services to the Plan, including operating a telephone customer service center and a website, both of which provide Plan participants with the ability to manage their Plan accounts, including distributions, and that it was compensated for its services. The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 5.

6.

The Committee admits that the Bank of New York Mellon Corporation ("BNY Mellon") maintains an office in New York, New York, is the Plan's Trustee, acts as a fiduciary to the Plan for certain purposes, provides services to the Plan pursuant to the terms of a Master Trust Agreement (which speaks for itself) and the Trustee is compensated for its services. The Committee denies that Plaintiff has fully described the terms of the Master Trust Agreement, which speaks for itself.

7.

The allegations contained in ¶ 7 are admitted.

8.

The Committee admits Plaintiff worked for Colgate-Palmolive from December of 1993 to February of 2004, served for a period of time as Global Director – Customer Marketing and left her employment with Colgate-Palmolive in 2004.

9.

The Committee admits that Plaintiff participated in the Plan, made contributions, received employer contributions and the value of her account balance in March of 2020 was approximately $750,000.

10.

The Committee admits that Plaintiff has lived in South Africa since approximately 2008 and that she provided the Plan with her physical mailing address. The remaining allegations in ¶ 10 are denied.

11.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 11.

12.

The Committee admits that Plaintiff contacted Colgate-Palmolive and the Benefits Information Center in August of 2020. The Committee is without knowledge sufficient to form a belief as to the remaining allegations in ¶ 12.

13.

The Committee admits that on or about September 14, 2020 Plaintiff was informed that her account balance had been distributed from the Plan as a lump sum. The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 13.

14.

The Committee admits that Plaintiff's account balance was distributed in March of 2020 by a check made payable to Paula Disberry and mailed to an address in Las Vegas, Nevada. The Committee further admits that, according to Alight, a caller contacted the Benefits Information center by telephone, identified herself as Paula Disberry and requested to update her contact information; Alight then mailed a temporary PIN to Ms. Disberry's address in South Africa. The Committee is without knowledge sufficient to form a belief as to the remaining allegations in ¶ 14.

15.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 15.

16.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 16.

17.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 17.

18.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 18.

19.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 19.

20.

The Committee admits that on or about March 20, 2020, a lump sum distribution of Plaintiff's account was processed in the amount of $751,430.53 gross ($601,144.42 net of mandatory tax withholdings), a check in the amount of $601,144.42 was sent to an address in Las Vegas and the check (made payable to Paula Disberry) was deposited into an account in the name of Paula Disberry.

21.

The Committee admits that Alight sent a confirmation of payment addressed to Paula Disberry at the physical mailing and email addresses on file for Ms. Disberry. The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 21.

22.

The Committee admits Alight prepared a report of a fraud investigation, which describes unsuccessful efforts to access Ms. Disberry's account in 2022.

23.

The Committee admits that on or about September 14, 2020, Plaintiff contacted Colgate-Palmolive and Alight placed a freeze on her account.

24.

The Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 24.

25.

The Committee admits Plaintiff reported the incident to the South African Police Service and the U.S. Secret Service.  The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 25.

26.

The Committee admits that unsuccessful efforts were made to access Plaintiff's benefits under Colgate-Palmolive's defined benefit plan, and that Alight was not involved in the administration of that plan.  The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 26.

27.

The Committee admits only that the Plan did not contact Plaintiff's financial advisor regarding the distribution at issue.  The Committee denies that Plaintiff provided the Plan with an email address.  The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 27.

28.

The Committee admits that vested participants who terminate employment with Colgate-Palmolive may leave there vested balance in the Plan until the required minimum distribution date.

29.

The Committee admits the allegations in ¶ 29.

30.

The allegations contained in ¶ 30 purport to paraphrase a portion of the written Plan document, which speaks for itself. To the extent a response is required, the Committee denies that Plaintiff has accurately described the Plan's terms.

31.

The Committee denies that the Summary Plan Description ("SPD") in effect in 2020 contains the language quoted in ¶ 31.

32.

The Committee admits the allegations contained in ¶ 32.

33.

The Committee admits that Plaintiff was in contact with Colgate-Palmolive representatives on multiple occasions from September of 2020 through October of 2021, and that she provided updates on the her efforts with the criminal investigation.

34.

The Committee admits that on October 6, 2021 Plaintiff submitted a written claim for benefits under the Plan, which speaks for itself, and that this claim was denied for the reasons set forth in a letter to Plaintiff dated April 7, 2022.

35.

The Committee denies the allegations contained in ¶ 35.

36.

The Committee denies the allegations contained in ¶ 36.

37.

The Committee denies the allegations contained in ¶ 37.

38.

The Committee denies the allegations contained in ¶ 38.

39.

The Committee incorporates by reference its responses to ¶¶ 1-38 above.

40.

The allegations contained in ¶ 40 paraphrase a statutory provision. To the extent a response is required, the Committee denies that Plaintiff has accurately described the statutory provision.

41.

The allegations contained in ¶ 41 paraphrase a statutory provision. To the extent a response is required, the Committee denies that Plaintiff has accurately described the statutory provision.

42.

The allegations contained in ¶ 42 paraphrase a statutory provision. To the extent a response is required, the Committee denies that Plaintiff has accurately described the statutory provision.

43.

The Committee denies the allegations contained in ¶ 43.

44.

The Committee denies the allegations contained in ¶ 44.

45.

The Committee incorporates by reference its responses to ¶¶ 1-38 above.

46.

The allegations contained in ¶ 46 constitute a legal conclusion. To the extent a response is required, the Committee denies that Plaintiff has accurately described the pertinent legal principles.

47.

The allegations contained in ¶ 47 constitute a legal conclusion.  To the extent a response is required, the Committee denies that Plaintiff has accurately described the pertinent legal principles.

48.

The Committee admits that Alight contracted to provide certain services to the Plan, including a telephone center and website, as set forth in a written document, which speaks for itself.  The Committee is without knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 48.

49.

The allegations contained in ¶ 49 pertain exclusively to defendant Alight.  To the extent a response is required, the Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 49.

50.

The allegations contained in ¶ 50 pertain exclusively to defendant Alight.  To the extent a response is required, the Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 50.

51.

The Committee denies the allegations contained in ¶ 51.

52.

The Committee denies the allegations contained in ¶ 52.

53.

The Committee incorporates by reference its responses to ¶¶ 1-38 above.

54.

The allegations contained in ¶ 54 constitute a legal conclusion. To the extent a response is required, the Committee denies that Plaintiff has accurately described the pertinent legal principles.

55.

The allegations contained in ¶ 55 constitute a legal conclusion. To the extent a response is required, the Committee denies that Plaintiff has accurately described the pertinent legal principles.

56.

The allegations contained in ¶ 56 pertain exclusively to defendant Alight. To the extent a response is required, the Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 56.

57.

The allegations contained in ¶ 57 pertain exclusively to defendant Alight. To the extent a response is required, the Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 57.

58.

The allegations contained in ¶ 58 pertain exclusively to defendant Alight. To the extent a response is required, the Committee is without knowledge sufficient to form a belief as to the truth of the allegations in ¶ 58.

59.

The Committee denies the allegations contained in ¶ 59.

### First Affirmative Defense

The negligence of Plaintiff in failing to secure her personal identifying information and/or physical mail caused or contributed to the loss of which she complains in this suit.

### Second Affirmative Defense

The negligence of Plaintiff in failing to provide the Plan with her personal email address and/or phone number caused or contributed to the loss of which she complains in this suit.

### Third Affirmative Defense

Plaintiff's alleged loss was caused or contributed to by the acts of parties for which the Committee is not responsible.

### Fourth Affirmative Defense

Plaintiff has failed to exhaust mandatory administrative remedies.

### Fifth Affirmative Defense

Plaintiff has failed to plead facts that state a claim for relief against the Committee.

**<u>Sixth Affirmative Defense</u>**

The loss alleged by Plaintiff was not caused or contributed to by any act or omission of the Committee.

Any allegations in Plaintiff's Amended Complaint that have not been specifically admitted above are hereby denied.

WHEREFORE, the Committee prays that Plaintiff's Amended Complaint be dismissed with all costs taxed to Plaintiff.

This 10th day of February, 2023.

*/s/ Patrick C. DiCarlo*
Patrick C. DiCarlo (Admitted pro Hac Vice)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006-5811
202-861-0172 (phone)
202-659-4503 (fax)
PDiCarlo@groom.com

## CERTIFICATE OF SERVICE

I certify that on February 10, 2023, I filed in this action the foregoing **Amended Answer to Plaintiff's Amended Complaint** electronically via the Court's ECF System. Notice of this filing will be sent in this action by operation of the Court's electronic system to all counsel of record in the ECF System.

Respectfully Submitted,

*/s/ Patrick C. DiCarlo*
Patrick C. DiCarlo (Admitted pro Hac Vice)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006-5811
202-861-0172 (phone)
202-659-4503 (fax)
PDiCarlo@groom.com