UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PAULA DISBERRY,

    Plaintiff,

v.

EMPLOYEE RELATIONS COMMITTEE OF
THE COLGATE-PALMOLIVE COMPANY,
ALIGHT SOLUTIONS, LLC, AND THE BANK
OF NEW YORK MELLON CORPORATION,

    Defendants.

Case No. 22-CV-5778 (CM) (OTW)

Hon. Colleen McMahon

Hon. Ona T. Wang, Magistrate Judge

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   b. In-house counsel to whom it is reasonably necessary to disclose the information in connection with this action;

   c. Current officers, directors, or employees of the parties to the extent that such disclosure is reasonably necessary for the action;

   d. Witnesses(es) who produced, authored, testified to, and/or is the subject of such Confidential Information;

   e. In connection with their depositions or trial testimony, witnesses and their counsel to whom disclosure is reasonably necessary

   f. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. It is expressly contemplated, agreed and ordered that third parties who provide discovery materials in this action may invoke all provisions of this Order as to that discovery material, and that the parties to this Order will treat all discovery material by such third parties as Confidential or "For Attorneys' or Experts' Eyes Only" in accordance with the terms of this Order. Any party seeking or receiving third party discovery material shall promptly disclose the existence of this Order to the producing third party.

6. Before disclosing or displaying the Confidential Information to persons identified in 4(e) and 4(f), counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Pursuant to, and as provided in, Section VI of this Court's Individual Practices and Procedures dated January 24, 2023, the parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this

3

addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**SO STIPULATED AND AGREED.**

Dated: _____                Dated: _____

**SO ORDERED.**

_____
**Colleen McMahon**
United States District Judge

Dated:   New York, New York
         3/17/2023

4

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____
(Attorney)