# GROOM LAW GROUP

Patrick C. DiCarlo
pdicarlo@groom.com
202-861-0172

September 8, 2023

**Via ECF**

Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      RE:    **<u>Disberry v. Alight, et al., Case No. 22-CV-5778</u>**

Dear Judge Wang:

I am writing pursuant to the Court's order dated September 9, 2023 (ECF 101), requiring the Employee Relations Committee of the Colgate-Palmolive Company (the "Committee") to file a letter setting forth its position on the attorney work product doctrine discovery dispute described in the parties' August 29, 2023 joint proposed agenda (see ECF 99) on or before Friday, September 8, 2023.

The document at issue is a confidential summary (the "summary") of a potential fraud incident involving Plaintiff Paula Disberry's account in the Colgate-Palmolive Employees Savings & Investment (the "Plan"). The document is dated October 12, 2021, and was prepared by Nguyen Trinh, an attorney who was at that time Colgate-Palmolive's Chief Compensation and Benefits Counsel. Ms. Trinh is no longer employed with Colgate-Palmolive. The summary has been submitted to the Court for *in camera* review. (See Letter to Judge Wang dated August 31, 2023.)

At the time the document was prepared, Plaintiff had recently asked for additional information on how to submit a claim to the plan administrator, which was provided, but a claim had not yet been received. (*See* p. 4 of document submitted for in camera review.) Plaintiff's claim was received on November 10, 2021.[1] In light of the amount at issue (approximately $750,000) and Plaintiff's diligence in pursuing the matter, the likelihood of litigation was apparent, and it was logical to create a summary of the incident because of the threat of future litigation. Because the summary was prepared in anticipation of litigation, it is privileged under Fed.R.Civ.P. 26(b)(3).

Further, Plaintiff cannot make a showing of "substantial need" for the document pursuant to Fed.R.Civ.P. 26(b)(3)(ii). The Committee's position is not that the underlying factual information itself is privileged, but rather only that attorney Trinh's compilation and summary is privileged work product. Because Plaintiff is free to discover the facts underlying the summary, she cannot show a "substantial need" for this privileged document.

---

[1] Plaintiff's initial administrative claim was denied and she did not appeal.

GROOM LAW GROUP

Plaintiff's argument that the document at issue falls within the scope of the fiduciary exception is also without merit. Although it is true that Ms. Trinh's job required her to provided legal advice to the Committee on certain unrelated fiduciary issues, there is no evidence the summary was provided to the Committee. A presentation was made to the Committee on October 19, 2020 regarding the Disberry incident, but the minutes of that meeting have already been produced. Because the summary itself has not been presented to the Committee, it is not within the scope of the fiduciary exception.

Further, the fact that the summary was produced to the Department of Labor on October 19, 2021 in response to its document requests in the context of a routine audit does not constitute a waiver.[2] As an initial matter, the burden of showing a waiver rests with the party asserting the waiver. *American Oversight v. United States Department of Justice*, 45 F.4th 579, 593 (2nd Cir. 2022).

The Second Circuit has declined to adopt a per se rule that all voluntary disclosures to the government constitute a waiver of the work product privilege. *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2nd Cir. 1993) ("We decline to adopt a per se rule that all voluntary disclosures to the government waive work product protection."). Rather, crafting rules "relating to privilege in matters of governmental investigations must be done on a case-by-case basis." *Id.* In contrast to the attorney-client privilege, "the protection afforded work product is not waived merely because the material is disclosed to a third party." *Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 169 (S.D.N.Y. 2002). Although disclosure to an adversary can waive the protection, here the DOL's routine audit did not create an adversarial relationship. *In re Steinhardt*, 9 F.3d at 234 ("This was not a case in which a party complied with a benign request to assist the SEC in performing its routine regulatory duties.").

The Court should deny Plaintiff's request to require production of the summary at issue.

                        Sincerely,

                        */s/ Patrick C. DiCarlo*
                        Patrick C. DiCarlo

cc:    Joe Torres
        Kirsten Scott

---

[2] The document request was made via letter dated June 4, 2021 pursuant to 29 U.S.C. § 1134. No subpoenas were issued.