RENAKER SCOTT LLP

Phone: (415) 653-1733 / Fax: (415) 727-5079
505 Montgomery Street, Suite 1125
San Francisco, CA 94111
www.renakerscott.com

September 12, 2023

***Via ECF***

Magistrate Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: ***Disberry v. Employee Relations Committee, et al.***
      **Case No. 22-Civ-5778 (CM)**

Dear Judge Wang,

  I submit this letter pursuant to the Court's Sept. 5, 2023 order (ECF 101), and in response to the September 8, 2023 letter filed by the Employee Relations Committee of the Colgate-Palmolive Company (the "Committee") setting forth its position on the discovery dispute regarding a document withheld by the Committee (ECF 102). In this letter I set forth Plaintiff's position as to why the withheld document is not privileged and should be produced.

  According to the Committee's privilege log, the document at issue is an October 12, 2021 memorandum authored by then in-house attorney Nguyen Trinh, and the subject matter of the document is described as "Attorney summary of Disberry potential fraud incident and subsequent remedial measures." The Committee's privilege log asserted two privileges with respect to this document: (1) attorney work product, and (2) subsequent remedial measures. *See* Joint Letter re Status Conference (ECF 99). Plaintiff asserts that the document is not properly withheld based on either of these doctrines, for the reasons discussed below.

Attorney Work Product

  In general, the attorney work product doctrine protects from disclosure documents and communications prepared *in anticipation of litigation*. Fed. R. Civ. P. 26(b)(3)(A). In contrast, a document authored by a lawyer that is "prepared in the ordinary course of business or that w*ould have been created in essentially similar form irrespective of the litigation*" is not privileged under the work product doctrine, and therefore must be produced. *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original)). When a document was prepared for multiple purposes, the court must determine whether "in light of the nature of the document and the

factual situation of the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *Id*. (emphasis in original)).

The attorney work product doctrine "is not satisfied merely by a showing that the material was prepared at the behest of a lawyer or was provided to a lawyer. Rather, the materials must result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation." *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015). Thus, "[i]n determining whether the work product doctrine applies, a court must ask not merely whether the party invoking the privilege contemplated litigation when it generated the materials at issue, but rather whether these materials would have been prepared in essentially similar form irrespective of litigation." *Id*. at 394. The party withholding a document on the basis of the work product doctrine bears the burden of establishing applicability of the rule. *Id*. at 395 (citing *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984)). If the party withholding the document does not meet this burden, the document must be produced. *Id*.

In *Wultz*, before filing suit, plaintiffs' attorney sent a demand letter informing the defendant company of their intention to file a lawsuit alleging that the company had unlawfully aided terrorist groups. 304 F.R.D. at 386-87. Before any lawsuit was filed, the company conducted an in-house investigation, and then subsequently hired outside counsel to investigate the allegations and recommend a course of action. *Id*. at 387-90. Shortly thereafter, the plaintiffs filed suit. *Id*. at 390. The company withheld documents related to the investigation, asserting privilege under the work product doctrine on the basis that the company undertook the investigation because it had received the demand letter; had it not received the demand letter threatening litigation, the company would not have undertaken the investigation. *Id*. at 395. However, the court noted that even if it accepted that statement as true, the company had not addressed the key issue: whether the documents were created specifically to aid/prepare for litigation, or whether the materials would have been created "in essentially similar form irrespective" of the threatened litigation. *Id*. The court found that the company had "failed to carry its burden of proving that the documents sought by plaintiffs are protected by the work product doctrine." *Id*. at 397. *See also Schulman v. Saloon Beverage, Inc.,* 2014 WL 3353254, at *11 (D. Vt. July 9, 2014) (denying work product protection where claimants had "not supplied any evidence" or had supplied only "conclusory" evidence that the material at issue "would not have been prepared in essentially similar form" had claimants "not anticipated litigation…. Without any evidence on that issue, Defendants have not met their burden of proving that [the documents at issue were] prepared in anticipation of litigation."); *In re Kidder, Peabody Securities Litigation*, 168 F.R.D. 459, 463 (S.D.N.Y. 1996) (rejecting defendant's assertion of work product privilege to an attorney investigation into what went wrong and to recommend remedial measures, because the company likely would have had the attorney perform the investigation even if no litigation had been threatened; the stated purpose of the report was to find out what went wrong and to recommend corrective action, not to prepare for impending litigation. *Id*. at 465.).

Here, the Committee asserts that "the likelihood of litigation was apparent, and it was logical to create a summary of the incident because of the threat of future litigation." ECF 102. However, as in *Wultz* and the other cases cited above, this is a conclusory statement that fails to establish (or even discuss) whether the materials would have been prepared in essentially the same form absent anticipated litigation. Furthermore, the fact that the withheld document discussed subsequent remedial measures additionally suggests that the document was created at least in part for business purposes separate from preparing for allegedly anticipated litigation. Thus, the Committee has failed to carry its burden of proving that the work product doctrine applies.

In addition, in the ERISA context, courts have found that documents prepared by an attorney in connection with benefit claim administration and prior to a determination of the benefit claim are generally not prepared "in anticipation of litigation" despite such an assertion, and thus are generally not privileged under the work product doctrine. *See, e.g.*, *McFarlane v. First Unum Life Ins. Co.*, 231 F. Supp. 3d 10, 18 (S.D.N.Y. 2017). Otherwise, "no ERISA plan beneficiary could ever obtain discovery into records of an Administrator's investigations of the claim if the work product doctrine applied because an administrator could almost always claim that it anticipated possible litigation if it appeared that the claim would be denied." *Id.* at 17 (quoting *Anderson v. Sotheby's Inc. Severance Plan*, No. 04–cv–8180 (SAS)(DFE), 2005 WL 6567123, at *9 (S.D.N.Y. May 13, 2005) (internal citations omitted)). Here, as the Committee confirms, at the time the document was created, Plaintiff had notified the plan administrator of her intention to file an ERISA benefit claim, but no decision had been made by the plan administrator regarding that claim. ECF 102. Thus, as in *McFarlane*, if the document was created in whole or in part as an investigation related to her anticipated claim for benefits, the document is not protected by the work product doctrine. In addition, Ms. Trinh, the author of the withheld document, was an in-house attorney who advised the Committee on plan fiduciary matters (*see* ECF 102), and "[a] beneficiary is entitled to inspect opinions of counsel procured by the [plan fiduciary] to guide him in the administration of the [plan]." *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 322 (S.D.N.Y. 1991). Thus, to the extent the document was procured to guide the Committee on administration of the plan (*e.g.* securing it from theft / security issues), the document also is not subject to the work product doctrine.

Finally, the Committee is incorrect that Plaintiff must demonstrate a substantial need for the document in order for the court to order production. A party must demonstrate substantial need for a withheld document *only if* the document is in fact subject to the work product doctrine, *i.e.* if the defendant first meets its burden of proving that the work product doctrine applies to begin with. *See, e.g., Wultz*, 304 F.R.D. at 393; *Adlman*, 134 F.3d at 1197, 1199. Because the Committee has failed to meet its burden of proving that the work product doctrine applies, the substantial need inquiry is unnecessary.

Subsequent Remedial Measures

As set forth in the Joint Letter re Status Conference (ECF 99), the Committee also previously asserted that this withheld document is privileged based on "subsequent

remedial measures." The Committee does not mention this asserted privilege in its letter to the court. ECF 102. Plaintiff assumes that the Committee has withdrawn that asserted basis of privilege. In any event, subsequent remedial measures are not a legitimate basis for withholding the document. Although evidence of remedial measures is not admissible to prove culpability, "proof of such measures is admissible for a variety of other reasons, including showing ownership, control, or feasibility of precautionary measures, if controverted, or for impeachment purposes." *Klosin v. E.I. Du Pont De Nemours & Co.*, No. 1:19-CV-00109 (EAW)(MJR), 2023 WL 2851704, at *3 (W.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, No. 1:19-CV-00109 (EAW), 2023 WL 2342288 (W.D.N.Y. Mar. 3, 2023). Furthermore, "[i]t is axiomatic that evidence need not be admissible in order to be discoverable. At this juncture, the only question is whether Plaintiff's request that they be produced is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mull v. City of New York*, 08-CV-8854, 2010 U.S. Dist. LEXIS 48399, at *6 (S.D.N.Y. Apr. 30, 2010)). The Committee's withheld document is relevant for a variety of reasons even if it may not be used to prove culpability, including but not limited to scope of fiduciary duties, availability of measures to protect against fraud, and the feasibility of such measures. Thus, the document is discoverable because it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

For all of these reasons, Plaintiff respectfully requests that the Court order the Committee to produce the withheld document.

Sincerely,

RENAKER SCOTT LLP

By: _____
Kirsten Scott
kirsten@renakerscott.com