UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULA DISBERRY,

                        Plaintiff,

          v.

EMPLOYEE RELATIONS COMMITTEE
OF THE COLGATE-PALMOLIVE
COMPANY, ALIGHT SOLUTIONS, LLC,
AND THE BANK OF NEW YORK
MELLON CORPORATION,

                        Defendants.

Case No. 22-CV-5778-CM-OTW

**Memorandum of Law in Support of the Employee Relations Committee**
**Of the Colgate-Palmolive Company's Motion to Exclude Expert**

Comes now the Employee Relations Committee of the Colgate-Palmolive Company (the

"Committee"), one of the Defendants herein, and submits this Memorandum of Law in support

of its Motion to Exclude Plaintiff's expert report and testimony.

## I.      Introduction

Plaintiff has produced an expert report (the "Report") authored by Joseph Steinberg.

(Exhibit 1.)  The Court should exclude Plaintiff's expert Report and testimony because: (1) the

Report is based on inadmissible legal conclusions; (2) the Report is based on other

unsubstantiated conclusions; and (3) the Report is based on inaccurate factual premises.  For

these reasons, and as explained in greater detail below, the Report and testimony from Mr.

Steinberg should be excluded.

II.     **Argument and Citation of Authority**

    A. **Legal Standard.**

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as

an expert by knowledge, skill, experience, training, or education may testify in the form of an

opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will

help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony

is based on sufficient facts or data; (c) the testimony is the product of reliable principles and

methods; and (d) the expert has reliably applied the principles and methods to the facts of the

case."  Fed. R. Evid. 702.8.  "While the proponent of expert testimony has the burden of

establishing by a preponderance of the evidence that the admissibility requirements of Rule 702

are satisfied, ... the district court is the ultimate gatekeeper."  *United States v. Jones*, 965 F.3d

149, 161 (2d Cir. 2020) (alteration in original) (quoting *United States v. Williams*, 506 F.3d 151,

160 (2d Cir. 2007)).

Prior to permitting a person to testify as an expert under Rule 702, the court must make

the following findings: (1) the witness is qualified to be an expert; (2) the opinion is based upon

reliable data and methodology; and (3) the expert's testimony on a particular issue will "assist the

trier of fact."  *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005); *see also United*

*States v. Napout*, 963 F.3d 163, 187–88 (2d Cir. 2020) (explaining that the court is tasked with

"ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task

at hand" (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993))); *United States v.*

*Cruz*, 363 F.3d 187, 192 (2d Cir. 2004) (same).  In *Daubert v. Merrell Dow Pharmaceuticals*,

Inc., the Supreme Court set forth a list of factors, in addition to the criteria set forth in Rule 702,

that bear on the determination of reliability: "(1) whether a theory or technique has been or can

be tested; (2) 'whether the theory or technique has been subjected to peer review and

publication;' (3) the technique's 'known or potential rate of error' and 'the existence and

maintenance of standards controlling the technique's operation;' and (4) whether a particular

technique or theory has gained general acceptance in the relevant scientific community."

*Williams*, 506 F.3d at 160 (quoting *Daubert*, 509 U.S. at 593–94); *see also Zaremba v. Gen.*

*Motors Corp.*, 360 F.3d 355, 358 (2d Cir. 2004) (same).

The district court is afforded "the same broad latitude when it decides how to determine

reliability as it enjoys [with] respect to its ultimate reliability determination." *Id.* at 142.  Expert

testimony should be excluded if it is "speculative or conjectural." *Jones*, 965 F.3d at 162

(quoting *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996)); *Major League*

*Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (same).  When an

expert's opinion is based on data or methodologies "that are simply inadequate to support the

conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion

testimony." *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 253 (2d Cir. 2005) (citation

omitted); *see also Nimely*, 414 F.3d at 396 ("[N]othing in either Daubert or the Federal Rules of

Evidence requires a district court to admit opinion evidence which is connected to existing data

only by the ipse dixit of the expert. A court may conclude that there is simply too great an

analytical gap between the data and the opinion proffered." (alteration in original) (quoting *Gen.*

*Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997))).

### B. Plaintiff's Expert Report is Predicated Upon Legal Conclusions.

Plaintiff's expert report is based on a series of legal conclusions.  For example, the Report states: "In the DISBERRY case, the proximate cause of the fraud is that DEFENDANTS actively sent money to a criminal …."  (Report, p. 26, ¶ 126.)  The Report also states: "In fact, the liability of DEFENDANTS to DISBERRY should be obvious, as our present case seems to be a blatant example of 'res ipsa loquitur.'"  (Report, p. 30, ¶ 148; *see also* p. 51, ¶ 242 ("… a clear example of res ipsa loquitur.").)  In fact, this legal conclusion (that the fact the theft occurred is itself proof of liability) is a consistent theme that underlies the entire Report.  Mr. Steinberg believes Defendants are liable simply because the money went to a criminal.  (*See* Report, p. 22, ¶ 108 ("The current matter is, in fact, quite straightforward: A criminal approached DEFENDANTS, who were individually and together responsible in various capacities for protecting assets belong to DISBERRY, and convinced DEFENDANTS to give the aforementioned criminal a sum of money equal in value to the then present value of DISBERRY's assets.").)  Indeed, Mr. Steinberg prefaces his Report by stating: "Rather, I write this report based on my understanding that the DEFENDANTS, together, in their individual and collective capacities, were fully responsible for properly securing DISBERRY's assets that were entrusted to their collective care."  (Report, p. 4, ¶ 18.)

This fundamental flaw is fatal to Plaintiff's Report because the Court is required to exclude expert testimony that states a legal conclusion.  "In evaluating the admissibility of expert testimony, this Court requires the exclusion of testimony [that] states a legal conclusion." *United States v. Feliciano,* 223 F.3d 102, 121 (2d Cir.2000) (quotation marks and citation omitted) (alteration in original); *see also Marx & Co. v. Diners' Club Inc.,* 550 F.2d 505, 510 (2d Cir.1977).  Indeed, "[t]his circuit is in accord with other circuits in *requiring* exclusion of expert

testimony that expresses a legal conclusion." *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir.1992) (emphasis added).

Further, Mr. Steinberg's assertion that his opinion is "obvious" and "straightforward" shows that his opinions are not beyond the ken of the average lay person.  Expert testimony is "needed when the facts and concepts of a case are beyond a layperson's understanding." *S.E.C. v. Ginder*, 752 F.3d 569, 575 (2d Cir. 2014).  The trial judge stands as a "gatekeeper," charged with determining whether the proffered testimony satisfies a number of standards, including, among other things, that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 135 (2d Cir.2013) (quoting Fed.R.Evid. 702(a)).  "In other words, '[e]xpert testimony must be helpful to the [trier of fact] in comprehending and deciding issues beyond the understanding of a layperson.'" *Id.* (quoting *DiBella v. Hopkins,* 403 F.3d 102, 121 (2d Cir.2005)).  Here, the Report would not be helpful to the trier of fact because of the obvious and conclusory nature of the opinions expressed therein.  As a result, Plaintiff's expert Report should be excluded.

**C.  The Report is based on conclusory and unsupported statements.**

Throughout the Report, Mr. Steinberg makes repeated assertions about industry standards, but fails to provide any support for these conclusory statements.  For example, the Report alleges a failure to comply with industry standards multiple times, but nowhere is there any explanation provided for these conclusory statements.  (*See* Report, ¶¶ 170, 173, 178 and 183.)  Nor does the Report support such conclusions with facts, data or other evidence.  Such unsupported assertions of industry standards are not sufficient.  *See, e.g., Grdinich v. Bradlees*, 187 F.R.D. 77, 81 (S.D.N.Y.1999) (excluding expert opinion allegedly based on industry

standards as unsupported speculation where only basis for standard were general "common-sense" guidelines.); *Algarin v. New York City Dep't of Correction*, 460 F. Supp. 2d 469, 477 (S.D.N.Y. 2006) (excluding a report based on the expert's personal experience and common sense because "his report is not based on reliable principles and methods"); *Reyes v. Delta Dallas Alpha Corp.*, No. 92 Civ. 4418 (AGS), 2000 WL 526851, at *3 (S.D.N.Y. May 2, 2000) (excluding testimony where "there is no evidence that [the expert] relies on anything more than common sense guidelines, as opposed to industry standards").

Also, the Report makes numerous and completely conclusory and unsupported statements that the Committee did not adequately select and monitor Alight.  (Report, p. 47, ¶ 219.)  Mr. Steinberg states the conclusion, but nowhere provides any description at all as to what he contends the Committee did or failed to do that proves a failure to adequately select and monitor Alight.  These unsupported conclusions are not admissible.  *See, e.g., Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (noting that an "expert's conclusory opinions" cannot carry a plaintiff's burden on summary judgment); *Smith v. Gray*, 2022 WL 1418973, at *2 (2d Cir. May 5, 2022) (summary order) (affirming grant of summary judgment where plaintiff's expert "report made no effort to explain its causality conclusion or rebut the notion that [the] injuries were due to a preexisting condition").

The Report contains no methodology to explain its conclusions, and is therefore inherently unreliable.  Mr. Steinberg has not shown what his methodology is to determine whether Alight or the Committee had appropriate security procedures in place on the day of the theft.  Much of the Report is uncited, and there is no reliance list of materials that would support the conclusion contained therein.  Without a methodology stated in the Report, there is no way for a court to determine whether Mr. Steinberg's conclusions satisfy the *Daubert* standard, and

therefore no way for Plaintiff to establish that this Report is admissible under Rule 702.  Because

the Report is based on unsupported conclusions, it is not based on reliable data and methodology,

and is simply inadequate to support the conclusions reached, but rather is based only on the ipse

dixit of the expert.  *See Nimely*, 414 F.3d at 396.  As such the Report is inadmissible and should

be excluded.

### D.  The Report is irrelevant as to the Committee.

The Report is irrelevant as to the Committee because the question before the Court is not

whether "best industry practices" were employed, but rather whether the Committee acted or

failed to act in an "objectively reasonable" manner.  *See, e.g., McCabe v. Capital Mercury

Apparel*, 752 F.Supp.2d 396, 405 (S.D.N.Y. 2010).  Because the Report does not address the

fiduciary standard, it is irrelevant as to the Committee.  The Report is thus unhelpful to the trier

of fact and therefore inadmissible.

### E.  A series of factual errors render the Report unreliable.

A fundamental factual underpinning for the Report is the inaccurate factual assertion that

Ms. Disberry did not have online access to her account with Alight.  (Report, ¶¶ 112, 113, 132,

246, 261.)  The Report initially states that it is "unclear" whether Plaintiff had an online account

"inherited" from the previous service provider or whether she had no online access, but then

concludes, without explanation, that it appears likely that she had no online access.  (Report, ¶

112.)  Nevertheless, from that point forward the Report repeats the factual assertion that Ms.

Disberry did not have online access.  (Report, ¶¶ 13, 132, 246, 261.)  However, Ms. Disberry

testified that she personally accessed her account electronically in 2016 and created a password.

(Exhibit 2, Disberry Dep., p. 14.)  Other inaccurate factual predicates include the fact that the

Report treats both Defendants interchangeably, and that Ms. Disberry was not the victim of identity theft.  (*See, e.g*., Report, ¶¶ 137, 143.)

### III.     Conclusion

Plaintiff has not sustained her burden to establish that the Report meets the admissibility requirements of Rule 702.  Thus, the Court should exclude the Report and testimony of Joseph Steinberg.


Dated: October 3, 2023                                   Respectfully Submitted,


                                                        */s/ Patrick C. DiCarlo*
                                                        GROOM LAW GROUP, CHARTERED
                                                        Patrick C. DiCarlo
                                                        1701 Pennsylvania Ave., N.W.
                                                        Washington, D.C. 20006
                                                        202-857-0620 (phone)
                                                        202-659-4503 (fax)
                                                        PDicarlo@groom.com

                                                        *Attorneys for Defendant Employee Relations*
                                                        *Committee of the Colgate-Palmolive Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 3, 2023, a copy of the foregoing was filed and served via

ECF on all counsel of record.


Dated: October 3, 2023          Respectfully submitted,


                                */s/ Patrick C. DiCarlo*